## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| **THE U.F.C.W. AND EMPLOYERS KANSAS AND MISSOURI HEALTH AND WELFARE FUND,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **Case No. 2:19-cv-2122** |
| **v.** | ) ) | |
| **SU VAN LE AND SEN HUYNH,** 14201 W. Monterey Street Wichita, Kansas 67235 | ) ) ) ) | |
| **Defendants.** | ) ) | |

## COMPLAINT

The U.F.C.W. and Employers Kansas and Missouri Health and Welfare Fund (the "Fund") for its Complaint against Defendants Su Van Le and Sen Huynh, states and alleges as follows:

## NATURE OF ACTION, PARTIES, JURISDICTION, AND VENUE

1.      This is an action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1000-1461, for equitable relief to enforce the terms and preserve the assets of an employee welfare benefit plan.

2.      The Fund is a trust fund created pursuant to the U.F.C.W. and Employers Kansas and Missouri Health and Welfare Fund Trust Agreement (the "Trust Agreement").  The Fund, pursuant to the terms and provisions of the United Food and Commercial Workers and Employers Food Trades and Industries Health and Welfare Plan, as amended from time to time (the "Plan"), provides, among other benefits, hospitalization, medical and prescription drug benefits to eligible participants.

3.     The Plan is a self-funded, multi-employer, employee welfare benefit plan as those terms are defined in ERISA, 29 U.S.C. § 1002(1) & (37).

4.     Although the Fund is administered by a Board of Trustees, the Fund may sue as an entity under 29 U.S.C. § 1132(d).

5.     The Fund is authorized to bring this action to enforce the terms of the Fund and to protect the assets of the Fund pursuant to 29 U.S.C. § 1132(a)(3) and federal common law.

6.     The Fund seeks imposition of a constructive trust, an equitable lien, and/or an accounting over identifiable Fund assets in the possession of and/or control of Defendants and/or their agents and for such other orders and relief as are appropriate to enforce the Fund's right to reimbursement of the full amount of all benefits provided by the Fund to Defendants.

7.     Defendant Su Van Le is an individual who resides at 14201 W. Monterey Street, Wichita, Kansas, 67235.

8.     Defendant Sen Huynh is an individual who also resides at 14201 W. Monterey Street, Wichita, Kansas, 67235.  Defendant Sen Huynh is the wife of Defendant Su Van Le.

9.     The Court has jurisdiction pursuant to 29 U.S.C. § 1132(a)(3) and (e)(1) and 28 U.S.C. § 1331.

10.     The Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a).

11.     Pursuant to the Trust Agreement, the situs of the Fund is the State of Missouri.

12.     Defendants are domiciled in the State of Kansas.  Therefore, complete diversity exists between Plaintiff and Defendants.

13.     The amount in controversy exceeds the jurisdictional requirement of $75,000 because the Fund seeks imposition of a constructive trust, an equitable lien, and/or an accounting over identifiable Fund assets in the possession of and/or control of Defendants and/or their

agents in the amount of $292,077.24.  Therefore, the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

14.     Venue is proper in the District of Kansas pursuant to 29 U.S.C. § 1132(e)(2) because Defendants reside in this District.

## FACTUAL ALLEGATIONS

15.     Under the terms of the Trust Agreement, the Trustees have the authority to adopt and give effect to a written plan providing for medical and other benefits, eligibility, contributions and for payment of such sums as are necessary to provide benefits to Plan participants.  Pursuant to this authority, the Trustees have adopted the Plan.

16.     The Plan expressly provides that it will provide medical, hospital and other benefits in accordance with the terms of the Plan, and that any participant agrees to reimburse the full amount of all benefits provided from any recoveries from any third parties, whether by lawsuit, settlement or otherwise.

17.     The Plan further provides that its equitable lien by agreement takes priority over any other use of monies recovered, including a participant's payment of attorney's fees and expenses and regardless of whether a participant obtains a full or partial recovery from a third party.

18.     On September 4, 2016, Defendants sustained personal injuries in an automobile accident.

19.     At the time of the accident, and at all times thereafter when the Plan paid medical benefits to or on behalf of Defendants, Le was an eligible employee and a participant in the Plan, and Hunyh, as his spouse and dependent, was a participant in the Plan.

20.     As a result of the injuries that Defendants sustained in the accident, the Plan paid medical benefits to or on their behalf in the amount of $292,077.24.

21.     Defendants sought recovery from the at-fault driver for the injuries they incurred as a result of the accident.

22.     Defendants were represented by attorney Brian Pistotnik of Pistotnik Law Offices, L.L.C. when they sought recovery from the at-fault driver.

23.     On October 2, 2017, Mr. Pistotnik confirmed on behalf of Defendants that both Defendants settled for "substantial amounts."

24.     On June 5, 2018, Mr. Pistotnik again confirmed on behalf of Defendants that a settlement had occurred.

25.     Upon information and belief, Defendants and/or their agents are in actual or constructive possession of the recovery proceeds allocated to Defendants.

26.     The Fund has consistently and repeatedly advised and reminded Defendants, through their counsel, of its rights and interests in the recovery.   Although the Fund and Defendants, through counsel, have engaged in discussions about the lien and reimbursement rights, Defendants have neither reimbursed nor agreed to reimburse the benefits paid to Defendants.

## **CLAIM FOR RELIEF**

27.     Plaintiff incorporates each of the foregoing paragraphs as if set forth in full.

28.     Pursuant to 29 U.S.C. § 1132(a)(3), Plaintiff seeks equitable relief against Defendants to enforce ERISA and the written terms of the Plan.

29.     Upon information and belief, Defendants are in actual or constructive possession or control of the recovery proceeds allocated to Defendants and, therefore, are in actual or

constructive possession of funds that belong to Plaintiff as a matter of equity and good conscience.

30.     Defendants are on notice of their reimbursement obligations and of the lien rights and interests.

31.     Defendants have failed and refused to turn over the settlement proceeds. Their failure violates the terms of the Plan and ERISA. The Fund is entitled to equitable relief in the form of a constructive trust, an equitable lien, or an accounting with respect to the settlement proceeds held in Defendants' actual or constructive possession.

32.     Defendants should be ordered to turn over to the Fund any settlement funds in their actual or constructive possession or control (up to the amount of the benefits paid by the Plan on their behalf) in order to enforce the express written terms of the Plan and ERISA.

WHEREFORE, the U.F.C.W. and Employers Kansas and Missouri Health and Welfare Fund requests the following relief:

a.     An order imposing a constructive trust, an equitable lien, and/or an accounting upon any settlement funds or any property into which they may have been converted which are in Defendants' actual or constructive possession or under Defendants' control and directing Defendants to pay such funds to the Fund;

b.     An order enjoining Defendants and their agents and attorneys from transferring, disposing of, or dissipating any of the settlement proceeds held in their actual or constructive possession or under their control until the Fund's rights are adjudicated;

c.      An order awarding the Fund its reasonable attorneys' fees and costs incurred herein, pursuant to 29 U.S.C. § 1132(g)(1) and the terms of the Plan; and

d.      Other and further equitable relief to which the Fund may be entitled.

## <u>DESIGNATION OF PLACE OF TRIAL</u>

Plaintiffs designate Kansas City, Kansas, as the place of trial, and request that the Court direct trial at such place.

Respectfully submitted,

SPENCER FANE LLP

s/ Douglas M. Weems
Douglas M. Weems #14771
1000 Walnut Street, Suite 1400
Kansas City, Missouri  64106
Telephone:(816) 474-8100
Facsimile: (816) 474-3216
E-mail:    dweems@spencerfane.com
ATTORNEYS FOR PLAINTIFFS

WA 12032106.3